TABOR MFG. CO. v. E. H. MUMFORD CO. et al. (two cases).

(Circuit Court of Appeals, Third Circuit. November 6, 1911.)

Nos. 12, 13 (1,540, 1,541).

PATENTS (§ 328*)—INFRINGEMENT—MOLDING MACHINERY.

 The Tabor and Mumford patent, No. 582,325, the Tabor patent, No. 533,401, and the Tabor and Mumford patent, No. 654,292, all for improvements in molding machinery, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suits in equity by the Tabor Manufacturing Company against the E. H. Mumford Company and others. Decrees (190 Fed. 179) for defendant, and complainant appeals. Affirmed.

Francis T. Chambers (John E. Hubbell, on the brief), for appellant. Paul Synnestvedt, for appellees.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. The bill of complaint in each of these two cases was dismissed by final decree. They are companion cases, and were disposed of by the Circuit Court in one opinion, in which it was held that none of the three patents sued on were infringed.

The patents, No. 533,401, No. 582,325, and No. 654,292, are for improvements in molding machinery. Claim 1 of No. 533,401, which is the only one of that patent here involved, has, as one of the elements of the combination therein set forth, a pattern plate independent of the flask-supporting frame, but movable laterally in a horizontal plane with relation to the flask-supporting frame. As originally filed the pattern plate was in no wise restricted as to its movability. The restriction to lateral movability was inserted because otherwise the claim would have been stricken out as one anticipated by Teeter in patents Nos. 397,316 and 495,570. When the claim was amended, by inserting in it the restriction, the inventor said:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"My pattern plate is movable laterally in a horizontal plane with relation to the flask-supporting frame. in order that the plate and frame may be agitated with relation to each other. In Teeter's construction there is no such relative agitation. His pattern plate is not movable laterally, as it is rigidly mounted on its trunnions. The resultant action of his rapping on his pattern plate axle is the same as that produced by striking an immovable object with a hammer, viz., simply the vibration of the molecules of the plate or object."

The claim, therefore, has been expressly limited by the inventor himself to a combination in which one of the elements is a pattern plate which moves laterally when agitated by the power device. The defendants' machine has no such element. Their pattern plate, as the Circuit Court said, "is rigidly and firmly bolted down to upright posts that are integral with the heavier castings." The result is that while the pattern plate of the defendants may be jarred, as the pattern plates of the prior art could have been and were, it is not. in the sense of the claim in suit, "movable laterally in a horizontal plane."

Claims 8 to 11 of patent No. 582.325 have, as an element in each of the combinations therein set forth, a pattern plate "having mortises or apertures between the patterns and away from the margins of the patterns." Claim 11, as originally drawn, omitted the limiting phrase "between the patterns and away from the margins of the patterns." That phrase was inserted by amendment to distinguish it from French patent, No. 157,852 of 1883, to Montagne, on which it had been rejected. As the element here referred to has the same limiting phrase in each of the four claims, and as that phrase was inserted in claim 11 to obtain it, it follows that the limitation cannot be read out of the claim, or, indeed, out of claim 8, 9, or 10, in order to hold the defendants as infringers. It will be observed that the limiting phrase locates the mortises or apertures not only "between the patterns" but "away from the margins of the patterns." It is conceded that in the defendants' machine the apertures adjoin the patterns. Mr. Livermore, complainant's expert, says that the language of the claims 8–11 "is not accurately descriptive of defendants' construction," and that, "if construed as excluding the construction in which the apertures adjoin and coincide in part with the margins of the patterns, then defendants' construction is excluded from the scope of the said claim so construed." One question asked him, on cross-examination, was:

"Will you please state, without qualification, if you are willing, whether or not. as a matter of mechanical fact. the defendants' device here alleged to infringe these claims 8, 9. 10, and 11 has the apertures in question located away from the margins of the pattern?"

His answer was:

"It does not."

This language, used with Mr. Livermore's accustomed caution and candor, is quoted because it is confirmatory of the finding of fact by the Circuit Court that:

"The complainant's patches (i. e., the plates that fill the apertures) are away from the margin of the patterns."

We cannot ignore the limiting words, voluntarily inserted in claim 11 to save it from rejection, and, as we must give them their natural meaning in that claim, we must do the same in claims 8, 9, and 10. So reading the claims, they each mean that the apertures are so located that all their edges are away from the edges of the patterns. Consequently, there is no infringement.

Claim 12 of the same patent is also in suit. That claim has, as an element in its combination, guard-strips at the sides of the fingers which support the flask-supporting frame, whose function it is to prevent the entry of sand between the frame and the upper ends of the fingers. It is questionable whether the combination of this claim is a patentable one. In any event, upon the strict construction which must be given it, the defendants do not infringe.

Claims 9, 10, and 11 of patent No. 654,292 set forth combinations in each of which is "means for maintaining said carrier and pattern in parallelism with themselves." The defendants have no such means. Their machine is equipped with the pegs or dowel pins of the old art, instead of the V-shaped guide bars which constitute the complainant's means for maintaining the parallelism referred to, and these pegs or pins do not prevent tilting of the plate as it is withdrawn. Consequently, there is no infringement here.

The decrees of the Circuit Court are affirmed, with costs.